Patrick A. Pirtle, Justice
This appeal involves the proper construction of an assignment purporting to convey an oil, gas, and mineral interest from Neuhoff Oil & Gas Corporation to Piranha Partners. The assignment in question was executed to be effective October 1, 1999, and it was recorded at Volume 467, Page 698, of the Deed Records of Wheeler County, Texas. It is the peculiarity of the description of the property or properties transferred that gives rise to this dispute. Appellants, Joe B.
*546 Neuhoff, Nancy M. Neuhoff, Thomas H. Neuhoff, Judy A. Neuhoff, Robert V. Neuhoff, Andrea D. Neuhoff, and Boca Vail, Inc. (hereinafter collectively "Neuhoffs") are the successors in interest to the assignor while Appellees, Piranha Partners, Randolph Mundt, Thomas H. Owen, Jr., and Charles Ray Owen (hereinafter "Piranha") are assignees or successors in interest to the assignee of the assignment in question.
The Neuhoffs originally sued Piranha seeking, among other relief, a declaratory judgment that they owned all of a certain overriding royalty interest[2] accruing from an oil, gas, and mineral lease covering Section 28, Block A-3, H & GN RR. Co. Survey, Wheeler County, Texas, save and except that portion assigned to Piranha by the assignment in question. The Neuhoffs contend the assignment only conveyed to Piranha their overriding royalty interest in a specific well drilled on the Northwest Quarter (NW/4) of Section 28, to-wit: the Puryear No. 1-28 well. Piranha subsequently filed a counterclaim and cross-action for trespass to try title and for a declaratory judgment finding that the assignment in question conveyed the Neuhoffs' overriding royalty interest, in its entirety, in Section 28 to Piranha.
On April 29, 2014, Piranha filed its Motion for Partial Summary Judgment requesting the trial court grant summary judgment in its favor on the Neuhoffs' action to quiet title and for slander of title. Piranha further prayed that "Piranha is entitled to summary judgment as a matter of law on [the Neuhoffs'] suit to quiet title and for slander of title and title to the overriding royalty interest burdening the Puryear Lease (covering the full section) should be quieted in Piranha." On May 29, 2014, the Neuhoffs filed their own Motion for Partial Summary Judgment requesting the trial court grant summary judgment declaring that they hold title to and own the overriding royalty interest as to "all oil and gas produced within Section 28, save and except that oil and gas in place in the Northwest Quarter of Section 28, which is produced from the Puryear 1-28 Well." A hearing on the competing motions for partial summary judgment was heard, and on March 21, 2016, the trial court entered an order providing, in part, as follows:
It is, therefore, ORDERED, ADJUDGED AND DECREED that the Piranha Defendants' Motion for Partial Summary Judgment is in all matters GRANTED.
It is further ORDERED, ADJUDGED AND DECREED that The Neuhoff's [sic] Motion for Partial Summary Judgment Directed Against Piranha Partners, Its Partners and Charles R. Owen is in all matters DENIED.
In addition to the two paragraphs cited above, the order severed the remaining claims, counterclaims, and causes of action pertaining to other parties from the action in this case, presumably to make the summary judgment order a final, appealable order. All other relief not expressly granted was denied.
A question concerning the finality of the judgment arose because the order being appealed did not declare anything other than that Piranha's partial motion for summary judgment was granted and the Neuhoffs' partial motion for summary judgment was denied. Because the order was facially incomplete in that it required extrinsic *547 evidence to clarify, explain, or give meaning to its terms, this court ordered the trial court to enter a judgment which more accurately reflected the ruling of the trial court. See Neuhoff v. Piranha Partners , No. 07-16-00136-CV, 2016 WL 5781033, at *1, 2016 Tex. App. LEXIS 10713, at *4 (Tex. App.-Amarillo Sept. 20, 2016, order). Thereafter, on October 20, 2016, the trial court entered its Order Clarifying This Court's Prior Order , declaring Piranha to be the owner of the overriding royalty interest covering the entirety of Section 28.
Raising four issues, the Neuhoffs contend the trial court erred by (1) granting Piranha's motion for partial summary judgment, (2) denying their motion for partial summary judgment, (3) excluding certain summary judgment evidence, and (4) implicitly excluding other summary judgment evidence. We reverse the judgment of the trial court and render judgment declaring Piranha to be the owner of the overriding royalty interest covering the Northwest Quarter of Section 28 only and we remand this cause to the trial court for further proceedings consistent with this opinion.
BACKGROUND
On July 21, 1975, Billie Jean Mallot, and others, acting as Lessors, and Marie Lister, acting as Lessee, executed an Oil, Gas and Mineral Lease (the "Puryear Lease") covering all of Section 28, Block A-3, H & GN RR Survey, Wheeler County, Texas. The Puryear Lease was recorded in the deed records of Wheeler County at Volume 247, Page 818.
Later that same year, Lister, as assignor, executed an Assignment of Oil and Gas Lease, conveying an undivided two-thirds interest in the Puryear Lease (covering all of Section 28) to Neuhoff Oil and Gas Corp., as assignee. This assignment was recorded in the deed records of Wheeler County at Volume 247, Page 898. A correction assignment of the same property was later recorded in the deed records of Wheeler County at Volume 268, Page 760, on August 16, 1978.
Three years later, on August 14, 1978, Neuhoff Oil and Gas Corp. and Three "L" Oil Company assigned all their right, title, and interest in the Puryear Lease (covering all of Section 28) to Bobby Reeves, subject to "the Landowners' Three-Sixteenths (3/16th) Royalty Interest" and a "one-sixteenth (1/16th) Overriding Royalty Interest" reserved and retained by the assignors. This assignment was recorded in the deed records of Wheeler County at Volume 269, Page 209, on September 6, 1978.
In September of 1999, Neuhoff Oil and Gas Corp. offered certain properties for sale at an auction conducted by The Oil and Gas Asset Clearinghouse. The Clearinghouse furnished all prospective buyers with an auction catalog describing the properties being offered. Included within the properties being sold by Neuhoff Oil and Gas Corp. was Lot 320.2, described as "Puryear 1-28" in Wheeler County, Texas. The "property data sheet" for Lot 320.2 referenced only production data from the Puryear 1-28 well.
Prior to bidding on the property, Piranha made its own investigation regarding the properties being sold and it was provided for review a form assignment, identical to the assignment it eventually received, save the omission of the name of the grantee. The form assignment contained the same property description as the final assignment.
Neuhoff Oil and Gas Corp. did not make any oral representations to Piranha prior to or at the auction sale. At the auction, Piranha submitted the winning bid for Lot 320.2 and the Clearinghouse subsequently *548 delivered Neuhoff Oil and Gas Corp.'s assignment. At no time did Neuhoff or its affiliates make any oral representations to Piranha prior to or at the time the Clearinghouse delivered the assignment.
In that assignment, dated October 1, 1999, Neuhoff Oil and Gas Corp. assigned to Piranha, without warranty, "all of Assignor's right title and interest in and to the Properties described in Exhibit 'A' (the 'Properties')." This language was immediately followed by a paragraph limiting the interests being transferred to "interests, INSOFAR AND ONLY INSOFAR AS set out in Exhibit A."
Exhibit "A" attached to the assignment of overriding royalty interest describes the "properties" as follows:
Lands and Associated Well(s): Miles Unit #1 Wheeler County, Texas Tract 1: All of Section 2, Block-4, H&GN RR Survey, containing 640 acres, more or less. Oil and Gas Lease(s)/Farmout Agreement(s): Oil & Gas Lease(s): [Followed by a description of ten leases designated: A. - J.] Only insofar as these leases cover the lands described hereinabove. Lands and Associated Well(s): Puryear # 1-28 Wheeler County, Texas NW/4, Section 28, Block A-3, H&GN Ry Co. Survey Oil and Gas Lease(s)/Farmout Agreement(s): Lessor: Billie Jeanne Mallot, et al. Lessee: Marie Lister Recorded: Volume 297, Page 818
This assignment, the assignment at issue in this case, was recorded at Volume 467, Page 698, of the Deed Records of Wheeler County, Texas. Part of the problem in this case is the fact that the property description in that assignment, as it pertains to the Puryear 1-28 well, references an oil and gas lease recorded at Volume 297, Page 818; whereas the Puryear Lease was recorded at Volume 247, page 818. The instrument recorded at Volume 297, Page 818, of the Deed Records of Wheeler County, Texas, is a Ratification and Adoption of a lease of property located in Section 6, IRR Co. Survey, Wheeler County, Texas, involving different lessors and lessees.
More than ten years later, in December 2012, a dispute arose as to the ownership of the overriding royalty interest pertaining *549 to production from wells situated in Section 28, other than the Puryear 1-28 well. The payor, Linn Energy, stopped making payments to the Neuhoffs and began making payments to Piranha. The Neuhoffs brought suit against Piranha and others, seeking a declaratory judgment that Piranha received an assignment of Neuhoff Oil and Gas Corp.'s interest in the Puryear 1-28 well only. Piranha counter-sued for a declaratory judgment that it received Neuhoff Oil and Gas Corp.'s interest in the entire Puryear Lease-specifically, Section 28, in its entirety.
Both parties filed traditional motions for summary judgment and both parties filed objections to the others' summary judgment evidence. The Neuhoffs objected to the admissibility of the Puryear Lease as parole evidence concerning the proper description of the property assigned and Piranha objected to the Neuhoffs' summary judgment evidence regarding the auction and the circumstances surrounding the execution and delivery of the assignment in question. The trial court sustained Piranha's objections as to the Neuhoffs' summary judgment evidence, save and except (1) the Puryear Lease (Volume 247, Page 818), (2) the assignment to Piranha (Volume 467, Page 698), and (3) the Ratification and Adoption (Volume 297, Page 818).
The trial court then granted Piranha's motion for summary judgment, denied the Neuhoffs' motion for summary judgment, and entered an order declaring Piranha to be the owner of the Neuhoffs' overriding royalty interest covering the entirety of Section 28. This appeal followed.
STANDARD OF REVIEW
The standard of review for a traditional summary judgment under Rule 166a(c) of the Texas Rules of Civil Procedure is well established. See Nixon v. Mr. Property Management Company, Inc. , 690 S.W.2d 546, 548 (Tex. 1985). Under that standard, we review de novo the trial court's ruling on a motion for summary judgment. Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding , 289 S.W.3d 844, 848 (Tex. 2009). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Diversicare General Partner, Inc. v. Rubio , 185 S.W.3d 842, 846 (Tex. 2005). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed issue of material fact. Fort Worth Osteopathic Hosp., Inc. v. Reese , 148 S.W.3d 94, 99 (Tex. 2004). All reasonable inferences, including any doubts, must be resolved in favor of the nonmovant. Id. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of every cause of action alleged or if it conclusively establishes all elements of an affirmative defense. Randall's Food Markets, Inc. v. Johnson , 891 S.W.2d 640, 644 (Tex. 1995). Once a defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to respond to the motion and present evidence raising a genuine issue of material fact. City of Houston v. Clear Creek Basin Authority , 589 S.W.2d 671, 678-79 (Tex. 1979).
When, as here, a party seeking summary judgment presents multiple grounds for that relief and the order does not specify the ground on which the trial court rendered summary judgment, the appellant must negate all grounds on appeal. State Farm Fire & Cas. Co. v. S.S. , 858 S.W.2d 374, 381 (Tex. 1993). That is, the summary judgment must be affirmed on appeal if any of the grounds presented in the motion are meritorious. Provident Life and Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003) ; FM Props. Operating Co. v. City of Austin , 22 S.W.3d 868, 872 (Tex. 2000).
*550 When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law and neither may prevail because of the failure of the other to discharge its burden. City of Garland v. Dallas Morning News , 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one and denies the other, as here, the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. Canyon Regional Water Authority v. Guadalupe-Blanco River Authority , 258 S.W.3d 613, 616 (Tex. 2008) ; Mid-Century Ins. v. Ademaj, 243 S.W.3d 618, 621 (Tex. 2007) ; Texas Workers' Comp. Comm'n v. Patient Advocates of Texas , 136 S.W.3d 643, 648 (Tex. 2004).
CONTRACT CONSTRUCTION
When interpreting a written agreement, such as the assignment in question, the primary objective of the court is to ascertain the parties' intent as expressed by the plain language of that agreement. Uri, Inc. v. Kleberg Cty., 543 S.W.3d 755, 757-58 (Tex. 2018) ; N. Shore Energy, L.L.C. v. Harkins , 501 S.W.3d 598, 602 (Tex. 2016). In determining the intent of the parties, the focus should be on the words used to memorialize that agreement, not the parties' subjective intent. Uri, Inc., 543 S.W.3d at 757-58.
That being said, the Texas Supreme Court has "long articulated a principle of contract construction that permits courts to consult the facts and circumstances surrounding a negotiated contract's execution to aid the interpretation of its language." Id. at 757. Although this principle "remains susceptible to confusion and inconsistency when applied to unambiguous contract terms," the principle clearly allows extrinsic evidence to be used to aid the understanding of such terms. Id. at 757. In other words, extrinsic evidence cannot be used to create an ambiguity, make an agreement say what it "unambiguously does not say," or "show that the parties probably meant, or could have meant, something other than what their agreement stated." Id. at 757.
Because language is nuanced, its meaning is often context driven. Id. at 757-58. Therefore, proper contract construction may include consideration of objectively determinable facts and circumstances that clarify the purpose and meaning of language used. Id. Such an analysis cannot, however, be used to alter or contradict the express terms of an unambiguous agreement. Id. In our analysis of an agreement, "context is not ... confined to the two-dimensional contractual environs in which the words exist but may also encompass 'the circumstances present when the contract was entered.' " Id. at 764 (quoting Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd. , 940 S.W.2d 587, 589 (Tex. 1996) ). As such, parole evidence does not prohibit a court from considering extrinsic evidence of the facts and circumstances surrounding the contracts execution as an aid in the construction of the contracts language. Uri, Inc., 543 S.W.3d at 764-65.
Deciding whether an instrument is ambiguous is a question of law which we review de novo using well-settled, contract-construction principles. Id. at 764 ; N. Shore Energy, L.L.C. , 501 S.W.3d at 602. A court must "construe [an instrument] from a utilitarian standpoint bearing in mind the particular business activity sought to be served and avoiding unreasonable constructions when possible and proper." Id. (quoting *551 Plains Expl. & Prod. Co. v. Torch Energy Advisors, Inc., 473 S.W.3d 296, 305 (Tex. 2015) ). An instrument is not ambiguous if its language can be given a certain or definite meaning. Uri, Inc., 543 S.W.3d at 764-65 ; N. Shore Energy, L.L.C. , 501 S.W.3d at 602. Conversely, an instrument is ambiguous if it is susceptible to more than one reasonable interpretation. Uri, Inc., 543 S.W.3d at 764-66 ; N. Shore Energy, L.L.C. , 501 S.W.3d at 602.
An instrument is not ambiguous "merely because the parties to [that] agreement proffer different interpretations of a term." Id. (quoting DeWitt Cty. Elec. Coop., Ind. v. Parks, 1 S.W.3d 96, 100 (Tex. 1999). "For an ambiguity to exist, both interpretations must be reasonable." Id. (quoting Columbia Gas Transmission Corp., 940 S.W.2d at 589 ).
ANALYSIS
The Neuhoffs contend the trial court erred by construing the properties being assigned as two separate properties-one being the Neuhoffs' interest in "Lands and Associated Well(s)," and the other being its interest in "Oil and Gas Lease(s)/Farmout Agreement(s)." Under this construction, Piranha contends the assignment in question conveyed (1) all of the Neuhoffs' interest in the Puryear No. 1-28 well located in the Northwest quarter of Section 28, and (2) all of the Neuhoffs' interest in the described lease, i.e., the lease between Billie Jeanne Mallot, and others, as Lessors, and Marie Lister, as Lessee, recorded at Volume 297, Page 818, of the Official Public Records of Wheeler County. There are several problems, however, with this construction.
One problem already alluded to is the fact that the lease described is not the Puryear Lease. While it may be reasonable to assume that the 297/247 discrepancy is nothing more than a scrivener's error, Piranha has not taken any steps to obtain and file a correction assignment pursuant to the provisions of section 5.028 or 5.029 of the Texas Property Code. TEX. PROP. CODE ANN. §§ 5.028 -.029 (West 2014). Accordingly, we cannot say with absolute certainty that the assignment referenced the Puryear Lease.
Even if we were to assume that the intent of the parties was to describe the Puryear Lease, another more significant issue is the fact that we must construe the assignment in light of the circumstances surrounding its execution and we must examine the entire document with an eye towards harmonizing and giving effect to all of its provisions. With those considerations in mind, we note that the assignment was the result of a large scale auction of numerous overriding royalty interests-not a direct negotiation between the assignors and the assignee. In the course of such a transaction a prospective purchaser like Piranha was required to conduct its own due diligence. Here, Piranha was provided with information concerning the productivity of a specific well-the Puryear 1-28, and it was not provided any accurate information concerning the Puryear Lease. Furthermore, it is reasonable to conclude that Piranha purchased the other overriding royalty interest conveyed by the same assignment (the Miles Unit # 1) on the same terms and conditions as they purchased the Puryear 1-28 overriding royalty interest. In that context, we note that the assignment clearly and specifically qualifies the leases assigned as being "only insofar as these leases cover the lands described hereinabove." Under this construction, the property described is determined by a reading the "Lands and Associated Well(s)" provision in conjunction with the "Oil and Gas Lease(s)/Farmout Agreement(s)" provision-not separately. In this way, we harmonize the various descriptors of the *552 property interest being conveyed to arrive at an interpretation that gives meaning to all of the descriptors. This construction is further supported by the similar "INSOFAR AND ONLY INSOFAR AS SET OUT IN Exhibit A" language that appears in the body of the assignment.
Applying that construction to the interests at issue here, the description of the lease between Billie Jeanne Mallot, et al., as Lessors, and Marie Lister, as Lessee, serves to qualify the assignment of that lease "only insofar" as it covers the specifically described lands-the Northwest quarter of Section 28-being that portion of the lease upon which the Puryear 1-28 well was situated. In other words, the Northwest quarter of Section 28 harmonizes the three descriptors used in the assignment: (1) the Puryear # 1-28 well, (2) the Nothwest quarter of Section 28 lands, and (3) Mallott to Lister oil and gas lease.
Because the assignment in question can be given a definite and certain meaning as a matter of law, it is not ambiguous. As such, the trial court erred in declaring that the assignment conveyed the Neuhoffs' interest in the entire Puryear Lease, and it erred in failing to declare that the assignment conveyed the Neuhoffs' overriding royalty interest in the Northwest quarter of Section 28 only. Issues one and two are sustained and issues three and four are pretermitted. See TEX. R. APP. P. 47.1.
CONCLUSION
The judgment of the trial court is reversed, and judgment is rendered declaring that, by the assignment in question, Neuhoff Oil & Gas Corporation assigned to Piranha Partners, without warranty, all of its right, title, and interest in the lease from Billie Jeanne Mallot, et al., as Lessors, and Marie Lister, as Lessee, only insofar as it covers the Northwest quarter of Section 28, Block A-3, H & GN RR Co. Survey, Wheeler County, Texas. Because the trial court has not addressed the Neuhoffs' prayer for recovery of attorney's fees pursuant to this disposition, this matter is otherwise remanded to the trial court for further proceedings and entry of a new judgment in accordance with this opinion.

An "overriding royalty interest" is an ownership interest expressed as a percentage of production or production reserves, free of the cost of production, created by the lessee, company, and/or working interest owner and paid by the lessee, company, and/or working interest owner out of the revenue from the well. See Schlumberger, Oilfield Glossary, found at http://www.glossary.oilfield.slb.com (last visited April 24, 2018).